**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

United States Courts
Southern District of Texas
ENTERED

FEB 2 4 2005

Michael N. Milby, **Clerk of Court**

| | | |
|---|---|---|
| ORLANDO MARTINEZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-03-5217 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner Orlando Martinez, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ–CID), proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his felony conviction. Respondent Douglas Dretke moved for summary judgment (Docket Entry No. 5) and submitted a copy of the state court record. Respondent also filed two motions for extension of time. (Docket Entries No. 3, 4.) Petitioner filed a response in opposition to the motion for summary judgment. (Docket Entry No. 6.)

After consideration of the pleadings, the motions, the response, the record, and the applicable law, the Court grants respondent's motions for extension of time, grants summary judgment, and dismisses this lawsuit.

**I. Background and Claims**

Petitioner pleaded guilty on November 6, 2002, to the felony offense of "illegal expenditure/investment drugs" (as reflected in the judgment) under cause number 917522

bargain agreement and sentenced petitioner to five years incarceration in TDCJ–CID. Petitioner waived his right to appeal, and no direct appeal was taken.

Petitioner filed an application for state habeas corpus relief on February 13, 2003, complaining of ineffective assistance of trial counsel, insufficiency of the evidence, and an involuntary guilty plea. *Ex parte Martinez*, Application No. 55,468-01. The Texas Court of Criminal Appeals denied the application on April 30, 2003, without a written order on the findings of the trial court without a hearing. *Id.*, at cover.

Petitioner filed the pending federal habeas corpus proceeding on November 12, 2003, raising the following grounds for relief:

1.    illegal search and seizure;

2.    ineffective assistance of trial counsel;

3.    involuntary guilty plea; and

4.    prosecutorial misconduct.

Respondent's motions for extension of time to file motion for summary judgment (Docket Entries No. 3, 4) are **GRANTED**. Respondent moves for summary judgment and argues that petitioner's habeas grounds fail as a matter of law.

## II.   The AEDPA Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to petitioner's habeas petition. The AEDPA limits the scope of collateral review to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the

324 F.3d 297, 306 (5th Cir. 2003).  Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state court adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1) and (2).

A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer,* 537 U.S. 3, 7-8 (2002).  A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 409.  The "unreasonable application" standard requires the state court decision to be more than incorrect or erroneous.  The state court's application of clearly established law must be objectively unreasonable. *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).

The AEDPA requires federal court deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding.

underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 330-31.

### III.  Claim of Illegal Search and Seizure

Under his "grounds for relief" in his petition, petitioner asserts that his "conviction [was] obtained by the use of evidence gained from an unconstitutional search and seizure." (Docket Entry No. 1, p. 7.)  His supporting argument, however, claims that

> The evidence was insufficient to find essential elements of illegal investment. [I] agreed to buy twenty-three (23) kilos of cocaine at fifteen thousand five hundred [dollars] each for the specified sum three hundred and fifty six thousand (356,000) dollars.  There is no proof that the money was ever raised, committed, and displayed to either informant or police officer for the purpose of buying cocaine.

(*Id.*).  Petitioner failed to raise an illegal search and seizure issue in his state habeas proceeding, and fails to present such claim here with any facts or legal argument.  Even had petitioner raised and presented facts in support of a Fourth Amendment violation, consideration of such claim would be barred by *Stone v. Powell*, 428 U.S. 465, 491-94 (1976).

Under the liberal construction requirements of *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court construes petitioner's argument as challenging the sufficiency of the evidence to support his conviction.  This argument also fails as a viable ground for habeas relief.  An inquiry into the legal sufficiency of the evidence is inapplicable in the guilty plea context.  *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986).  Moreover, petitioner's

4

insufficiency challenge was presented to and rejected by the state habeas court on procedural grounds. *Ex parte Martinez*, p. 30 ("The applicant's challenges to the sufficiency of the evidence are not cognizable in post-conviction habeas proceedings."). Petitioner's claim is procedurally defaulted and cannot be considered by this Court. *See West v. Johnson*, 92 F.3d 1385, 1398 n. 18 (5th Cir. 1996); *Renz v. Scott*, 28 F.3d 431, 432-33 (5th Cir. 1994).

## IV. Claim of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's actions fell below an objective standard of reasonableness and that petitioner suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668 (1984); *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001). The district court may resolve an ineffective assistance claim if counsel either rendered reasonably effective assistance or no prejudice can be shown.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the wide range of reasonable professional assistance and that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). It is petitioner's burden to overcome the presumption that the challenged conduct "might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002). As to the prejudice prong of the inquiry, a convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different, or, in context of a guilty plea, that he would have insisted on going to trial and not pleading guilty. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

Petitioner claims that counsel was ineffective in failing to investigate, discover, and advise him that there was insufficient evidence to substantiate the offense, as demonstrated by petitioner's assertion that the charges against his co-defendants were dropped after petitioner entered his guilty plea. (Docket Entry No. 1, p. 7.) These claims are conclusory, unsupported in the record, and insufficient to raise a material issue of fact precluding summary judgment. Nothing in the record shows that counsel did or did not investigate the State's evidence, that the same operative facts applied to petitioner as did to any co-defendants, or that any co-defendant's case was dismissed by the State for lack of evidence. Petitioner fails to demonstrate ineffective assistance of counsel under these arguments.

Furthermore, these arguments were presented to and rejected by the state court on collateral review, which expressly found that petitioner failed to meet his burden of proving ineffective assistance of counsel. *Ex parte Martinez*, pp. 29-30. The Court of Criminal Appeals based its denial of habeas relief on these findings. *Id.*, at cover. The state court's findings reasonably applied the law to the facts, consistent with clearly-established federal law, and were not objectively unreasonable. An independent review of the state court record does not reveal clear and convincing evidence that would rebut the presumption of correctness of the state court's adjudication of petitioner's claim of ineffective assistance. No basis for habeas relief is shown. 28 U.S.C. § 2254(d)(1).

## V.  Claim of Involuntary Guilty Plea

Before a federal district court can grant habeas relief and set aside a guilty plea conviction, the record must show that the plea was not voluntarily, knowingly, and intelligently made.  Specifically, a petitioner must establish that he did not understand the nature of the constitutional protections he was waiving or that he had "such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).  If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review. *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), modified on other grounds, 646 F.2d 902 (5th Cir. 1981) (per curiam).  In determining whether a plea is voluntary and intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

Petitioner contends that his plea was involuntary because the prosecutor "threatened" him with a life sentence if he refused to plead guilty, and his attorney failed to fully explain the consequences of the plea.  (Docket Entry No. 6, p. 9.)  These claims were presented to and rejected by the state court on collateral review.  The state court expressly found that the State did not exceed the permissible scope of plea negotiations as set out in *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978), and that petitioner failed to overcome the presumption

7

Appeals based its denial of habeas relief on these findings. *Id.*, at cover. The state court's findings reasonably applied the law to the facts, consistent with clearly-established federal law, and were not objectively unreasonable. A defendant's fear of a possibly greater penalty upon conviction after trial does not render a guilty plea involuntary. *Bordenkircher*, 434 U.S. at 363. The record shows that petitioner signed both a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" and written admonishments. *Ex parte Martinez*, pp. 20-25, 34-40. An independent review of the state court record does not reveal clear and convincing evidence that would rebut the presumption of correctness of the state court's adjudication of petitioner's claim of an involuntary guilty plea. No basis for habeas relief is shown. 28 U.S.C. § 2254(d)(1).

### VI. Claim of Prosecutorial Misconduct

Petitioner alleges that the State failed to inform him and his attorney that there was insufficient evidence to prosecute petitioner's co-defendants, and that lack of this knowledge compelled petitioner to enter a guilty plea. Even assuming the prosecutor in petitioner's case had an obligation to inform petitioner and his counsel of such matters, nothing in the record demonstrates that the State dismissed any co-defendant's case for lack of evidence, or that the same operative facts applied to petitioner's case and those of any co-defendants. Petitioner's claims are conclusory, unsupported in the record, and insufficient to raise a material issue of fact precluding summary judgment. No basis for habeas relief is shown. 28 U.S.C. § 2254(d)(1).

8

## VII.  Certificate of Appealability

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision.  28 U.S.C. § 2253(c)(1).  This Court will grant a certificate of appealability only if the petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In order to make a substantial showing, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the district court has denied a claim on procedural grounds, however, the petitioner must also demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*  As made clear by the Supreme Court in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), a certificate of appealability is a jurisdictional prerequisite, and until one has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners.  When considering a request for a certificate of appealability, the question is the debatability of the underlying constitutional claim, not the resolution of that debate.  *Id.* at 342.

Because petitioner has not made the necessary showing, this Court will not issue a certificate of appealability.

9

### VIII.   Conclusion

The court orders the following:

1.    Respondent's motions for extension of time (Docket Entries No. 3, 4) are **GRANTED**.

2.    Respondent's motion for summary judgment (Docket Entry No. 5) is **GRANTED.**

3.    The petition for writ of habeas corpus is denied, and this case is **DISMISSED** with prejudice.

4.    A certificate of appealability is **DENIED**.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on this 23rd day of _February_, 2005.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE